GEORGE W. PATTON & another *vs.* NATHANIEL E. TAFT.

Worcester. Oct. 5, 1886. — Jan. 4, 1887. DEVENS & W. ALLEN, JJ., absent.

B., who, for a commission, had agreed with C. to lend him his credit, and who had security for any liability which he might incur, offered to buy of A. for the use of C. a number of bales of rags at a certain price per pound. A. declined to sell at this price, and offered to sell at a higher price. Subsequently, in the absence of B., an arrangement was made between A. and C., by which C. paid A. the difference between the two prices, and A. delivered the rags to C., and charged B. with the amount offered by him. *Held,* that there was no contract between A. and B. *Held, also,* that the fact that B., on receipt of a bill of the goods, gave a promissory note for the amount, did not of itself, as matter of law, amount to a ratification of the transaction.

CONTRACT on a promissory note for $634.71, dated July 16, 1884, signed by the defendant, and payable four months after date to the order of the plaintiffs. Writ dated November 28, 1884. Answer: 1. A general denial. 2. Want of consideration except for the sum of $104.90. At the trial in the Superior Court, before *Knowlton*, J., the jury returned a verdict for the plaintiffs in the sum of $113.24; and the plaintiffs alleged exceptions, which appear in the opinion.

*W. A. Gile,* for the plaintiffs.

*F. A. Gaskill & H. F. Harris,* for the defendant.

C. ALLEN, J. The defendant was lending his credit and aid to one Smith, in the purchase of rags, and held from Smith certain

security for liabilities so to be incurred, and was to receive a commission on purchases. Under these circumstances, the defendant and Smith examined the plaintiffs' rags, and the defendant offered six and a quarter cents per pound for them; but the plaintiffs refused to take less than seven cents. Smith afterwards, being very much in want of the rags, made a separate bargain with the plaintiffs' agent, by which he should take them, paying in cash three fourths of a cent per pound, and leaving the plaintiffs to charge against the defendant six and a quarter cents per pound; all of which was done.

In order to hold the defendant as bound by this arrangement made in his absence, it was necessary to show either authority, or knowledge, or a subsequent ratification. It was a different bargain from that which he had offered to make. What he had proposed to the plaintiffs was, to pay six and a quarter cents a pound for the rags; not to pay that sum towards the price of them. It is true that the sum charged to him was no more than he offered to pay. It may also be true that his security from Smith might not be impaired, and that his right to his commission from Smith would not be affected. But nevertheless the transaction which was actually entered into was not that contemplated by his offer. It was not the same bargain. There might be other elements which would affect his willingness to make the purchase, besides those mentioned above. He might think Smith unable to afford to pay a higher price, and unable to carry on his business successfully at such an increased rate for rags, so that his own business transactions with Smith would sooner be brought to a close, or would be injuriously affected otherwise. He might be a purchaser of rags for his own account, and have an interest not to advance the price in the market. However this might be, he is not bound by any contract not made, or authorized, or ratified by himself. The plaintiffs conceded at the trial that the sale to Smith was different from anything consented to or authorized by the defendant in advance; and it became material to inquire if he had ratified the purchase as it was made, or was otherwise bound by the acts of any one having authority to bind him.

There was nothing in the case to show that Cargill, the defendant's clerk, had any such authority, nor was it so contended

at the trial. He looked after the mill, kept the books, and wrote letters; but, so far as appears, he did not buy or sell for the defendant. The question of ratification depended on acts of the defendant himself. There was evidence bearing on this question, enough perhaps to warrant an inference by the jury that the defendant adopted the transaction. But the evidence would also warrant the contrary inference. It was, in short, a matter to be determined as a question of fact, and a verdict either way could not, on the evidence reported, be deemed to be without sufficient support. Merely giving the note in suit, on receipt of a bill, without adverting to the price charged for the rags, and in the belief that the note was for a balance justly due from the defendant to the plaintiffs, would not cut off the defendant from his defence. His letters tend to show that he raised the objection two days after the note was given, and thenceforward insisted upon it. In the letters, he placed his objection to the transaction sometimes on one ground and sometimes on another; but he always insisted that he was not bound, and would not consent to be bound. It is impossible for us to say that there was a ratification as a matter of law, or that the jury ought to have found one as a matter of fact.

The defendant in his letters sought to have the plaintiffs change the contract, by charging only six and a quarter cents per pound, and by giving him credit for the other three fourths of a cent per pound, and thus to bring the price down to what he had offered. The plaintiffs refused to do this. They now contend that they ought to have been allowed to recover on the note, deducting therefrom three fourths of a cent per pound. But they had previously refused to place their contract on this footing, and insisted upon holding the defendant responsible for the full amount. Failing in this endeavor, they had no contract of the defendant in respect to the rags, and could not at the trial properly ask to be allowed to hold him upon a contract which before suit he was willing to make, but which they then rejected.

Nor can the payment by Smith be considered merely as a bonus paid to induce the plaintiffs to make the sale to the defendant at six and a quarter cents. The sale as made was essentially a sale at seven cents, and to call it a sale to the

defendant at six and a quarter cents, with a bonus paid by Smith to induce the plaintiffs to sell to the defendant at that rate, does not vary its character.

The verdict of the jury shows that the rags were not bought by the defendant, but by Smith.  *Exceptions overruled.*